**SO ORDERED.**

**SIGNED this 05 day of October, 2007.**

_____
**A. Thomas Small
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| **DAVID JACKSON ANDREWS, JR.** | **07-00311-5-ATS** |
| **DEBTOR** | |

### ORDER DENYING MOTION TO AVOID LIEN

The matter before the court is the motion to avoid lien filed by the chapter 7 debtor, David Jackson Andrews, Jr. A hearing took place in Raleigh, North Carolina on September 26, 2007.

Mr. Andrews filed a petition for relief under chapter 7 of the Bankruptcy Code on February 19, 2007. First Citizens Bank holds a judgment lien in the amount of $17,497.60 on property the debtor owns jointly with his father located at 8504 Erinsbrook Drive, Raleigh, North Carolina. The property is encumbered by a consensual deed of trust securing a note to CitiMortgage in the amount of $128,000. Mr. Andrews contends that First Citizens' lien impairs his claimed exemption and that the lien should be avoided pursuant to 11 U.S.C. § 522(f).

At the hearing, the parties agreed that the fair market value of the property is $215,000. The parties disagreed over the application of § 522(f) where a debtor owns an undivided one-half interest in the property. Mr. Andrews further argues that his interest is really less than one-half, because his father

is entitled to a resulting trust in any equity in the property of approximately $40,000 plus 75 percent of any equity above $40,000.

David Jackson ("Jack") Andrews, Sr. testified that he and his son agreed to purchase the property together in 2003. Jack Andrews paid the earnest money deposit of $2,000 and the down payment and closing costs of $37,526.79. The property was titled to both father and son as joint tenants. Jack Andrews and the debtor agreed that the debtor would pay $500 per month toward the mortgage, and Jack Andrews would pay the balance of the mortgage payments each month. Jack Andrews further testified he and his son agreed that when the house was sold, Jack Andrews would receive his $39,526.29 investment back, and he and the debtor would share the remaining equity equally. Originally they both intended to reside at the property, but Jack Andrews obtained employment in Georgia and never moved into the house. The debtor has lived at the house continuously since it was purchased, and he pays the utilities. The debtor made his $500 contribution toward the mortgage payments for 1 1/2 to 2 years, but since 2005 Jack Andrews has made the full mortgage payments.

Based on the agreements reached prior to the purchase of the property and the actual mortgage payments made by the debtor, Jack Andrews testified that if the property were sold today, he would first take back his $39,526.29 investment, and would then give the debtor one quarter of the remaining profit, rather than the one-half as originally agreed. The debtor maintains that Jack Andrews is entitled to a resulting trust in these amounts, and that any determination of the debtor's interest in the property must take into account Jack Andrews' resulting trust.

The court accepts Jack Andrews' contention that there is an ownership agreement between Jack Andrews and the debtor, but that agreement merely controls the relative property interests between them.

The oral agreement between Jack Andrews and his son does not necessarily affect third parties who are not parties to the agreement. The debtor appears on the deed, the note, and the deed of trust as a joint tenant with a one-half interest in the property. There is nothing of record to indicate that the debtor owns anything other than an undivided one-half interest in the property. There may be situations in which a resulting trust may affect the rights of third parties, but this is not one of them. Jack Andrews was responsible for documenting the ownership relationship with his son, and he cannot enforce an oral agreement to reduce the documented interest of his son, who is now a debtor in this court.

Turning to the § 522(f) analysis, the parties raised the question of how to apply the formula where a debtor owns a one-half undivided interest in property, noting that one could either begin with one-half of the value of the property and subtract the entire mortgage amount <u>or</u> begin with one-half of the value of the property and subtract only one-half of the mortgage debt. This court previously considered this question in <u>In re Shah</u>, Case No. 05-01929-5-ATS (Bankr. E.D.N.C. Nov. 15, 2005). In that case, the court determined that the court begins with the full value of the property and the full value of the mortgage, then divides the equity in half before subtracting the debtor's exemption and determining what equity remains to support the judicial lien. Accordingly, the formula is applied in this case as follows:

```
FMV of property:           $215,000
Minus mortgage payoff:     $128,000
Equals:                    $87,000
Multiplied by 0.5:         $43,500
Minus debtor's exemption:  $16,750
Equals:                    $26,750
```

The current value of the judgment lien is $17,497.60, which is fully supported by the debtor's equity in the property above his exemption amount, and the lien may not be avoided.

3

Based on the foregoing, the debtor's motion to avoid First Citizens' lien is **DENIED**.

**SO ORDERED**.

**END OF DOCUMENT**